Curia, per

Withers, J.
The true ground of the defence relates to the execution of this contract, and not to the consideration. When that distinction is observed, it will be admitted that it excludes the fruitful topic of admitting parol testimony to vary, by addition or subtraction, a written contract, or to explain the unambiguous terms of it.
The nature of the defence is quite similar to that which was resorted to in the cases of Martin & Walker vs. Stribling, (1 Sp. 23,) and D' Aranda vs. Houston, (25 Eng. C. L. R. 516.) In both, the action was debt on sealed instruments. Stribling sought to defend himself, on the ground that Martin & Walker, by an agent, induced him to become surety for McCullough, by a stipulation that the latter should assign books of account as a counter security. Stribling would have been successful, but for lack of proof. It was not proved that the agent of the plaintiffs in that case guaranteed any such thing, though Stribling was no doubt informed that McCullough had promised to do so, and relied on it. The observation of the Court was, “ the proof did not make out any such fraud on the part of Caldwell.”
In the other case cited, fraud, covin and misrepresentation constituted the ground urged in the defence ; and it was unsuccessful only by reason of insufficient proof. It was, however, only a decision at Nisi Prius, before Alderson, B. The fact relied upon was, that the bond, which was the cause of action, was executed to secure the payment of £350, agreed to be given as the purchase money for a medical business ; that the plaintiff’s testator had represented the business to be worth £900 a year, and that it was worth nothing near that sum. Neither in *509 that case nor in Stribling’s was a doubt surmised that the de-fence would be valid if the evidence supported it; that, in law, it would amount to fraud in procuring the contract.
In the case before us, the proof was, that the plaintiffs’s intestate insured that the defendant should get the horse, Ben Day, for which the note had been executed, by another, by sending for him to that other; that defendant had applied for, and failed to get him ; that, on this sole inducement, so held out, and failing, the defendant executed the note. As the jury have found the fact for the defendant, and as it constitutes a valid defence, when so established, it follows that this motion must be refused; and it is ordered accordingly.
O’Neall, Evans and Whitner, JJ., concurred.
Frost, J., absent at the argument.
Motion refused.